**1**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

    v.                              Civil Action No. 04-093 (CKK)

JOHN DOES 1-199,

    Defendants.

**MEMORANDUM OPINION**
(March 10, 2004)

    Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

    According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

2

and/or any Defendant wants to move to quash the subpoena, the party must do so before the

return date of the subpoena, which shall be 25 days from the date of service. Verizon shall

preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its

subpoena.

An appropriate Order accompanies this Opinion.

March 10, 2004

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UMG RECORDINGS, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 04-093 (CKK) |
| JOHN DOES 1-199, | |
| Defendants. | |

**ORDER**
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.


March 10, 2004

          /s/
         COLLEEN KOLLAR-KOTELLY
         United States District Judge

**2**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOWN RECORD COMPANY, L.P., a )
California limited partnership;        )
INTERSCOPE RECORDS, a California )
general partnership; VIRGIN RECORDS )
AMERICA, INC., a California corporation; )    No.: 04 C 3019
ATLANTIC RECORDING              )
CORPORATION, a Delaware corporation; )
BMG MUSIC, a New York general    )
partnership; ELEKTRA                    )
ENTERTAINMENT GROUP INC., a     )
Delaware corporation; WARNER BROS. )
RECORDS INC., a Delaware corporation; )
PRIORITY RECORDS LLC, a California )
limited liability company; CAPITOL   )
RECORDS, INC., a Delaware corporation; )
ARISTA RECORDS, INC., a Delaware  )
corporation; MAVERICK RECORDING  )
COMPANY, a California joint venture; )
SONY MUSIC ENTERTAINMENT INC., )
a Delaware corporation; LOUD        )
RECORDS, LLC, a Delaware corporation; )
and UMG RECORDINGS, INC., a       )
Delaware corporation,                    )
                                              )
        Plaintiffs,                         )
                                              )
            vs.                                )
                                              )
DOES 1 - 16,                              )
                                              )
        Defendants.                       )

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the *Ex Parte* Motion of Plaintiffs for Leave to Take Immediate Discovery

and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the

exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on WideOpenWest Holdings LLC to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT WideOpenWest shall preserve the data, records and information responsive to the subpoena that will be served by the Plaintiffs.

IT IS FURTHER ORDERED THAT if and when WideOpenWest is served with a subpoena, within five (5) business days thereof it shall notify each Doe Defendant (WideOpenWest subscribers) of the existence of this lawsuit and of receipt of Plaintiffs' subpoena whereby Plaintiffs are seeking to learn the subscribers' identities. After WideOpenWest gives such notice to the Doe Defendants, any Doe Defendant may raise an objection in the form of a motion to quash at the status conference which the Court has scheduled for June 15, 2004, 9:30 a.m. in Courtroom 1858, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois 60604. WideOpenWest shall include in its notice to the Doe Defendants notice of this status conference.

IT IS FURTHER ORDERED THAT counsel for the Plaintiffs shall provide a copy of this Order to WideOpenWest when the subpoena is served.

Dated: _5/24/04_

_Nan R. Nolan_
United States Magistrate Judge Nan R. Nolan

2

**3**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

ARISTA RECORDS, INC., a Delaware )
corporation; ELEKTRA ENTERTAINMENT )
GROUP INC., a Delaware corporation; )
MOTOWN RECORD COMPANY, L.P., a )
California limited partnership; SONY MUSIC )
ENTERTAINMENT INC., a Delaware ) Cause No.:
corporation; UMG RECORDINGS, INC., a )
Delaware corporation; and WARNER BROS. ) **4:04CV0036AS**
RECORDS INC., a Delaware corporation, )
)
        Plaintiffs, )
)
v. )
)
JOHN DOE, )
)
        Defendant. )

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

       This matter coming before the Court upon Plaintiffs' Motion for Leave to Take Immediate Discovery, and the Court being duly advised, hereby

       ORDERS that Plaintiffs may serve immediate discovery on Northwest Indiana Internet Services, Inc. to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for the Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _5/24/2004_                      _s/Allen Sharp_
                                        United States District Judge


Copies to:

James Dimos #11178-49
Joel E. Tragesser #21414-29
LOCKE REYNOLDS LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961
jdimos@locke.com
jtragesser@locke.com

**4**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 2 4 2004

Michael N. Milby, Clerk of Court

ARISTA RECORDS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and INTERSCOPE RECORDS, a California general partnership,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No.:

**H 04 - 1677**

Plaintiffs,

vs.

DOES 1 - 9,

Defendants.

## ORDER GRANTING PLAINTIFFS' EXPEDITED *EX PARTE* MOTION FOR ORDER PERMITTING THIRD-PARTY DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE

Upon the Expedited *Ex Parte* Motion of Plaintiffs for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference and Memorandum of Law in Support, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

1  1-5 illegally engaged in uploading and downloading copyrighted recordings
2  through www.KaZaA.com, a peer to peer ("P2P") internet service (Ct. Rec. 1).
3  While Plaintiffs are unable to identify the Does, they collected records of
4  Defendants' Internet Protocol ("IP") address, the times the downloads or uploads
5  took place, and information regarding the specific recordings that were
6  downloaded or uploaded.  The Plaintiffs were able to ascertain from Defendants'
7  IP addresses that they were utilizing Gonzaga University as their Internet Service
8  Provider ("ISP").  Plaintiffs seek statutory damages under 17 U.S.C. § 504(c),
9  attorneys fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief under
10  17 U.S.C. §§ 502 and 503.

11      In their Motion for Leave to Take Immediate Discovery, the Plaintiffs seek
12  leave to serve Gonzaga University, the ISP for Does 1-5, with a Rule 45 Subpoena
13  Duces Tecum, requiring Gonzaga University to reveal the Defendant's names,
14  addresses, email addresses, telephone number, and Media Access Control
15  ("MAC") addresses.

16      The Ninth Circuit has held that "where the identity of alleged defendants
17  will not be known prior to the filing of a complaint . . . . the plaintiff should be
18  given an opportunity through discovery to identify the unknown defendants,
19  unless it is clear that discovery would not uncover the identities, or that the
20  complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
21  637, 642 (9th Cir. 1980).  Presumably, the discovery device anticipated by this
22  ruling was Rule 45, under which a party may compel a nonparty to produce
23  documents or other materials that could reveal the identities. *See Pennwalt Corp.*
24  *v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983).  The Court finds that this
25  instance presents the very situation indicated by *Gillespie*.  The Plaintiffs' case
26  relies on the disclosure of the Does' identities, and those identities are likely
27  discoverable from a third party.

28      Under Rule 26(d), Rule 45 subpoenas should not be served prior to a Rule

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 2

1  26(f) conference unless the parties can show good cause. Fed. R. Civ. P. 26(d) ("a
2  party may not seek discovery from any source before the parties have conferred as
3  required by Rule 26(f) . . . . [u]nless the court upon motion . . . . orders
4  otherwise"); *see Semitool, Inc. V. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-
5  76 (N.D. Cal. 2002). The Plaintiffs have presented compelling evidence that the
6  records kept by ISP providers of IP addresses are regularly destroyed. Thus, good
7  cause has been shown.
8      Accordingly, **IT IS ORDERED** that:
9      1.    Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec.
10  7) is **GRANTED**.
11      2.    Plaintiffs are **GIVEN LEAVE** to serve immediate discovery on
12  Gonzaga University to obtain the identity of each Doe Defendant by serving a
13  Rule 45 subpoena duces tecum that seeks each Doe Defendants' name, address,
14  telephone number, email address, and Media Access Control address. As agreed
15  by Plaintiffs, this information disclosed will be used solely for the purpose of
16  protecting their rights under the copyright laws.
17      3.    Plaintiffs are **ORDERED** to review Local Rule 7.1(g)(2) regarding the
18  citation of unpublished decisions. All unpublished decisions cited to the Court
19  have been disregarded.
20      **IT IS SO ORDERED.** The District Court Executive is hereby directed to
21  enter this order and to furnish copies to counsel of record.
22      **DATED** this _10_ day of May, 2004.
23
24
25                    ROBERT H. WHALEY
26                    United States District Judge
27  Q:\Civil\2004\Loud Records\Loud.immediatediscovery.order.wpd
28

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 3

ORDERED that Plaintiffs may serve immediate discovery on Texas A&M University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _May 20, 2004_

_____
United States District Judge

2

**5**

04-CV-00960-IFP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UMG RECORDINGS, INC., a Delaware
corporation; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
WARNER BROS. RECORDS INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; BMG MUSIC, a New York
general partnership; and VIRGIN
RECORDS AMERICA, INC., a California
corporation,

        Plaintiffs,

    v.

DOES 1 - 2,

        Defendants.

No. C04-0960(C)-L

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY

    Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

    ORDERED that Plaintiffs may serve immediate discovery on Microsoft Corporation to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 1

YARMUTH WILSON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800  F 206 516 3888

1   IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2  response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of

3  protecting Plaintiffs' rights under the Copyright Act.

4

5  Dated: _May 14, 2004_      _MMS Casnik_

6            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 2

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800  F 206 516 3888

**6**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; MOTOWN RECORD
COMPANY, L.P., a California
limited partnership; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; UMG
RECORDINGS, INC., a Delaware
corporation; CAPITOL RECORDS,
INC., a Delaware corporation; SONY
MUSIC ENTERTAINMENT INC., a
Delaware corporation; WARNER
BROS. RECORDS INC., a Delaware
corporation; BMG MUSIC, a New
York general partnership; VIRGIN
RECORDS AMERICA, INC., a
California corporation; and ARISTA
RECORDS, INC., a Delaware
corporation,

> CIVIL ACTION NO.

> FILED
> SCRANTON
>
> MAY 1 1 2004
>
> Per _____
> DEPUTY CLERK

> 3 : CV - 04 - 940

     Plaintiffs,

v.

DOES 1 - 5,

     Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Mansfield University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

including the name, address, telephone number, e-mail address, and Media Access

Control addresses for each Defendant.

      IT IS FURTHER ORDERED THAT any information disclosed to

Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for

the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _May 11, 2004_            _[signature]_

                                    United States District Judge

2

**7**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 0 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LOUD RECORDS, LLC, a
Delaware corporation; WARNER
BROS. RECORDS INC., a
Delaware corporation; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; VIRGIN
RECORDS AMERICA, INC., a
California corporation; PRIORITY
RECORDS LLC, a California
limited liability company;
ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; BMG RECORDINGS,
INC, a Delaware corporation;
ARISTA RECORDS, INC., a
Delaware corporation; BMG
MUSIC, a New York general
partnership; SONY MUSIC
ENTERTAINMENT INC., a
Delaware corporation; MAVERICK
RECORDING COMPANY, a
California joint venture; and
CAPITOL RECORDS, INC., a
Delaware corporation,

       Plaintiffs,

v.

DOES 1-5,

       Defendants.

NO.  CV-04-0134-RHW

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY**

     Before the Court is Plaintiffs' Motion for Leave to Take Immediate

Discovery (Ct. Rec. 7).  The Plaintiffs, members of the Recording Industry

Association of America, Inc. ("RIAA"), have filed a complaint alleging that DOES

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 1

8



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

INTERSCOPE RECORDS, a California
general partnership, ET AL.,

Plaintiffs,

V.

DOES 1-37,

Defendants.

§
§
§
§
§
§
§
§
§
§
§

A-04-CA-237 LY

## ORDER

Before the Court is Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference, filed April 28, 2004 (Clerk's Dkt. #2). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Plaintiffs, members of the Recording Industry Association of America, Inc. ("RIIA"), are record companies holding copyrights for numerous sound recordings. (Compl. ¶22.) They allege each Defendant has, without permission, used the Internet to download, and/or make available for download to others, various copyrighted sound recordings. (*Id.* ¶24). Plaintiffs contend these actions constitute copyright infringement, entitling them to damages from the Defendants. (*Id.* ¶¶24-26).

Plaintiffs now seek expedited discovery from a third party for the purpose of identifying Defendants Does 1-37. Specifically, they wish to issue a Rule 45 subpoena to Grande Communications, an Internet Service Provider ("ISP"). Plaintiffs request permission to obtain names and addresses for persons they believe are offering copyrighted sound recordings for download over the Internet.



A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties. FED. R. CIV. P. 26(d). Early discovery may, however, be authorized by court order upon a showing of good cause. *Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001); *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

According to Plaintiffs, they have no means of identifying each Doe Defendant without the requested discovery. In support of their motion, Plaintiffs have submitted a declaration from Jonathan Whitehead ("Whitehead"), Vice President and Counsel for Online Copyright Protection for RIAA. Whitehead avers that the RIAA has downloaded and listened to a sample of music files offered for download on a P2P network by each Defendant.[1] (Whitehead Decl. ¶16). The RIIA, thus, has a record of the recordings offered for download, the date and time the infringing activity was observed, as well as the Internet Protocol ("IP") address assigned to each Defendant at the time. (*Id.* ¶¶16-17).

According to Whitehead, the IP address, in combination with publicly available databases, allowed the RIAA to determine the ISP used by each Defendant. (*Id.* ¶12). In this case, the RIAA determined the ISP for each Defendant was Grande Communications. (*Id.* ¶16). Whitehead maintains the RIAA is unable to make any further specific identification because an ISP owns a range of IP addresses, but assigns a specific address only when that subscriber actually goes online. (*Id.* ¶14 n.8).

Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification

---

[1] A P2P, or peer to peer, network allows individuals with a personal computer and access to the internet to offer digital copies of recordings for download by other users. These programs, such as KaZaA, Morpheus, Grokster, and eDonkey, allow an internet user to directly search the .mp3 file libraries of other users. Thus, no specific web site is involved, or subject to liability. *Recording Industry Ass'n v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1231-32 (D.C. Cir. 2003).

of defendants they contend are liable to them.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of action against unnamed defendant not required as identity might be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (dismissal for want of prosecution improper where plaintiff not permitted to conduct discovery to identify defendant).  *See also Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 351-52 (5th Cir. 1989) (complaint should not be dismissed for failure to demonstrate standing without providing plaintiff opportunity to supply more supportive facts).  As they point out, without identification of the Defendants, the type of conference contemplated under Rule 26(f) is impossible.  Thus, they have established good cause for the necessity of engaging in discovery at this early stage of the proceedings.

Accordingly, Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference (Clerk's Dkt. #2) is hereby **GRANTED**. Plaintiffs may serve immediate discovery on Grande Communications to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, that is, the name, address, telephone number, e-mail address and Media Access Control address for each Defendant.  The disclosure of this information is governed by the provisions of 47 U.S.C. § 511(c)(2)(B).  Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights under the Copyright Act.

SIGNED this _6__ day of May, 2004.


**ROBERT PITMAN**
**UNITED STATES MAGISTRATE JUDGE**

3

**9**

From: SOBLE & ROWE LLP          734 662 0552          05/06/2004 14:15 #224 P.002/005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMG MUSIC, a New York general partnership;
ATLANTIC RECORDING CORPORATION,
a Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; ARISTA
RECORDS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
and MAVERICK RECORDING COMPANY,
a California joint venture,

Case No. 5:04-cv-58

Hon. Wendell A. Miles

       Plaintiffs,

v.

DOES 1 - 9,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

The plaintiffs in this action have asserted claims of copyright infringement against nine
unknown or "Doe" defendants. The complaint, filed on April 28, 2004, alleges that each defendant
disseminated over the Internet copyrighted musical works owned or controlled by the plaintiffs,
doing so without plaintiffs' consent or permission.

The matter is currently before the court on Plaintiffs' *Ex Parte* Motion for Leave to Take
Immediate Discovery (docket no. 3). Plaintiffs' motion is supported by the Declaration of Jonathan
Whitehead (docket no. 6). In their motion, which is made *ex parte* because plaintiffs do not

From:SOBLE & ROWE LLP          734 662 0552          05/06/2004 14:16 #224 P.003/005

currently know the names of the defendants, plaintiffs seek discovery in advance of the conference

provided by Fed.R.Civ.P. 26(f) so that they may obtain information which will enable them to

identify and serve the defendants.  More specifically, plaintiffs seek leave to serve a Fed.R.Civ.P. 45

subpoena on Michigan State University ("MSU"), which plaintiffs contend they have been able to

identify as the Internet Service Provider of each of the defendants.  Although the plaintiffs do not so

state in their motion, the court has inquired of plaintiffs whether they have notified MSU of the

pendency of this action and of the motion for discovery.  Plaintiffs have responded to these inquiries

in the affirmative, and have represented that MSU has communicated to plaintiffs that it does not

intend to object to the discovery.

Given plaintiffs' allegations, it is apparent that this action will not advance to service of the

summons and complaint unless and until plaintiffs are able to learn the defendants' identifying

information.  For that reason, the court GRANTS the plaintiffs' motion and hereby ORDERS as

follows:

1. Plaintiffs may serve immediate discovery on MSU to obtain the identity of each Doe

defendant by serving a Fed.R.Civ.P. 45 subpoena that seeks information sufficient to identify each

Doe defendant.  This information shall be limited to the name, address, telephone number, e-mail

address, and Media Access Control address for each defendant.

2. Any information disclosed to plaintiffs by MSU in response to the subpoena may be used

by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall serve upon MSU a copy of this Order together with any subpoena.

Ordered this 6th day of May, 2004.


/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

2

**10**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

WARNER BROS. RECORDS INC., a          )
Delaware corporation; ARISTA          )
RECORDS, INC., a Delaware corporation; )
VIRGIN RECORDS AMERICA, INC., a       )
California corporation; MAVERICK       )
RECORDING COMPANY, a California        )
joint venture; BMG MUSIC, a New York   )
general partnership; ATLANTIC          )
RECORDING CORPORATION, a              )
Delaware corporation; ELEKTRA          )
ENTERTAINMENT GROUP INC., a           )
Delaware corporation; CAPITOL          )
RECORDS, INC., a Delaware corporation; )
PRIORITY RECORDS LLC, a California     )
limited liability company; MOTOWN      )
RECORD COMPANY, L.P., a California     )
limited partnership; UMG RECORDINGS,   )
INC., a Delaware corporation;          )
INTERSCOPE RECORDS, a California       )
general partnership; and SONY MUSIC    )
ENTERTAINMENT INC., a Delaware         )
corporation,                          )
                                      )
            Plaintiffs,               )
                                      )
        vs.                           )
                                      )
DOES 1 - 35,                          )
                                      )
            Defendants.               )
                                      )

No.:  O 4 - 8 4

Eastern District of Kentucky
**FILED**
MAY – 4 2004
AT COVINGTON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Insight Midwest, L.P. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _May 4, 2004_

_William O. Bertelsman_
United States District Judge

2