**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

VIRGIN RECORDS AMERICA, INC., *et al.*,

    Plaintiffs,

     v.

JOHN DOES 1-35,

    Defendants.

Civil Action No. 04-093 (CKK)

**MEMORANDUM OPINION**
(January 11, 2006)

Before the Court is Plaintiffs' Motion for Leave to take Immediate Discovery.  Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement.  Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena.  Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control ("MAC") address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others.  *See* Pls.' Mot. at 2-3.  Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity.  *Id*.  Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon.  *Id*.

It is clear to the Court that Defendants must be identified before this suit can progress

further.  The Court shall grant Plaintiffs' request for immediate discovery, with certain limitations

outlined herein.  Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the

identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information

sufficient to identify each Defendant, including name, address, telephone number, email address, and

Media Access Control address.  The disclosure of this information is ordered pursuant to 47 U.S.C.

§ 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information

when the cable operators are ordered to do so by a court.  Any information disclosed to Plaintiffs in

response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

Plaintiffs' rights as set forth in the Complaint.

        If and when Verizon is served with a subpoena, Verizon shall give written notice, which may

include email notice, to the subscribers in question within five business days.  If Verizon and/or any

Defendant wants to move to quash the subpoena, the party must do so before the return date of the

subpoena, which shall be 25 days from the date of service.  Verizon shall preserve any subpoenaed

information pending the resolution of any timely filed motion to quash.  Plaintiffs shall provide

Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

        An appropriate Order accompanies this Opinion.


January 11, 2006

                                          _____/s/_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge