UNITED STATES DISTRICT COURT

DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| VIRGIN RECORDS AMERICA, INC., *et al.* ) <br> ) <br>       Plaintiffs,    ) <br> ) <br> v.    ) <br> ) <br> DOES 1-35,    ) <br> ) <br>       Defendants.    ) | CIVIL ACTION NO. 05-CV-01918 |

## **PLAINTIFFS' OPPOSITION TO THE MOTION OF DOE DEFENDANT #18 TO QUASH SUBPOENA**

Plaintiffs respectfully file this opposition to unknown Defendant Doe #18's ("Doe" or "Defendant") motion to quash for lack of personal jurisdiction a subpoena issued by Plaintiffs to Verizon Internet Services, Inc. For the reasons discussed below, Defendant's motion should be denied.

Defendant's motion to quash asks this Court to immunize him or her from liability for violating Plaintiffs' copyrights. Plaintiffs have gathered substantial evidence showing that each of the Doe Defendants in this case is a significant copyright infringer. However, Plaintiffs cannot pursue their claims – in this or any court – until they know who the Doe Defendants are and where they reside. The discovery that this Court has expressly authorized is directed toward identifying the defendants so that Plaintiffs' claims can proceed. If the Court were to grant Defendant's motion, this case would be over before it began.

Defendant's personal jurisdiction argument in support of his or her motion to quash lacks merit. Defendant asserts that Plaintiffs cannot seek information about his or her identity and

place of residence because it is unclear whether this Court has jurisdiction over Defendant. That argument has been repeatedly rejected by courts across the country in cases parallel to this one. Those courts have held that where Plaintiffs seek the identities of a defendant using the Internet to infringe Plaintiffs' copyrighted sound recordings, a claimed lack of personal jurisdiction provides no basis for quashing a subpoena to identify the defendant. *See Elektra Entm't Group, Inc. v. Does 1-9*, No. 04 Civ. 2289 (RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004) (Ex. 1); *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Aug. 16, 2004) (Ex. 2); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004); *UMG Recordings v. Does 1-199*, No. 1:04-CV-0093-CKK (D.D.C. Mar. 10, 2004) (Ex. 3). *See also Virgin Records Am., Inc. v. Does 1 – 44*, No. 1:04-CV-0438-CC (N.D. Ga. Mar. 3, 2004) (Ex. 4); *Sony Music Entm't, Inc. v. Does 1-206*, No. 1:04-CV-1023-HHK (D.D.C. Sept. 2, 2004) (denying motion to quash in minute order) (Ex. 5).

Plaintiff's argument is premature because litigation about personal jurisdiction cannot occur before the identity of the defendant is known to all parties and the Court. A contrary rule that required proof of personal jurisdiction prior to obtaining discovery to identify an Internet infringer would effectively immunize such infringers from liability for violating Plaintiffs' copyrights.

## BACKGROUND

The Court is familiar with the background of this case. Plaintiffs are major recording companies who own copyrights in sound recordings. Collectively, they face a massive problem of digital piracy over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer

("P2P") networks. *See* Lev Grossman, *It's All Free*, Time, May 5, 2003. As a direct result of piracy on P2P networks, Plaintiffs have sustained and continue to sustain substantial financial losses.

P2P users who disseminate (upload) and copy (download) copyrighted material violate the copyright laws. *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004). Copyright infringement over P2P networks is widespread, however, because users can conceal their identities by means of an alias. Copyright owners can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers.

All of the defendants in this case, including Defendant, are active participants on a P2P network. As such, Defendant has distributed copyrighted sound recordings to others and apparently has downloaded copyrighted sound recordings from other users of the P2P network. Plaintiffs discovered the defendants openly disseminating sound recordings whose copyrights are owned by Plaintiffs. By logging onto the P2P network, Plaintiffs viewed the files that defendants were offering to other users. Plaintiffs provided in their Complaint a list of several copyrighted sound recordings that each defendant disseminated without authorization. *See* Exhibit A to the Complaint. That list, however, is a small subset of the copyrighted sound recordings that each defendant is unlawfully disseminating.

Although Plaintiffs gathered substantial evidence of the illegal conduct, they could not ascertain the name, address, or any other contact information for the defendants. *Id.* ¶ 16. Plaintiffs could, however, identify the Internet Protocol ("IP") address from which each defendant was unlawfully disseminating Plaintiffs' copyrighted works. Verizon maintains logs

that match IP addresses with their users' computers. *Id.* ¶¶ 14, 16. By looking at its IP address logs, Verizon can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. Thus, Verizon – and only Verizon – can provide information to determine the identity of the Defendant.

## ARGUMENT

I. **LITIGATION OVER PERSONAL JURISDICTION IS PREMATURE AND, IN ANY CASE, THIS COURT HAS JURISDICTION OVER DEFENDANT.**

   A. **Consideration of Personal Jurisdiction Is Premature**

Plaintiffs have, as this Court already determined in granting Plaintiffs' application for immediate discovery, met the "good cause" required for such discovery. The information Plaintiffs seek is indisputably material to this action and essential to allowing Plaintiffs to discuss the possibility of settlement with Defendant or to move forward with their suit. Defendant does not dispute the relevance and materiality of the information sought by Plaintiffs. Rather, the essence of Defendant's argument is that Plaintiffs should not be permitted to obtain that basic information precisely because Plaintiffs do not yet know such information (and thus cannot know whether they filed suit in her home state). By that perverse logic, Defendant attempts to turn her momentary anonymity into an absolute shield against copyright liability because this case could not proceed in this *or any court* absent the Plaintiffs' ability to prove *now* where Doe lives.

As discussed below, there is substantial evidence that this Court has jurisdiction over Defendant, regardless of her place of residence. Nonetheless, it is premature to consider the question of personal jurisdiction in the context of a subpoena to identify the Defendant. Indeed, in numerous cases around the country, Doe defendants (and *amici*, such as the ACLU, EFF, and

4

Public Citizen) have raised the same personal jurisdiction argument that Defendant does here. In each case, courts have squarely held that resolving the question of personal jurisdiction is "premature," even where Doe defendants assert that they live outside the court's jurisdiction. *See Elektra Entm't Group, Inc. v. Does 1-9*, No. 04 Civ. 2289 (RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Motown Record Co., L.P. v. Does 1-252*, No. 1:04-CV-439-WBH, at 3 (N.D. Ga. Aug. 16, 2004); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004); *UMG Recordings v. Does 1-199*, No. 1:04-CV-0093-CKK, at 2 (D.D.C. Mar. 10, 2004). *See also Virgin Records Am., Inc. v. Does 1-44*, No. 1:04-CV-0438-CC, at 2 (N.D. Ga. Mar. 3, 2004).

The Court cannot render any kind of ruling on personal jurisdiction or catalog Defendant's contacts with the District of Columbia before Defendant has been named. *See Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004) (holding that "without the identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). The parties cannot litigate any aspect of personal jurisdiction until Defendant has been identified. It is precisely for this reason that every court to have considered Defendant's argument has rejected it. *See, supra.* Indeed, courts routinely permit plaintiffs to serve discovery in response to a motion to dismiss on personal jurisdiction grounds before issuing a ruling on the motion. *See El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum."). Given that general rule – which applies even when a plaintiff knows a

defendant's identity – it would make no sense to deny Plaintiffs the opportunity to obtain the most basic identifying information they seek in their subpoena to Verizon.

This Court will have ample opportunity to consider issues of personal jurisdiction if Defendant chooses to file a motion to dismiss on personal jurisdiction grounds. In the meantime, Defendant's assertion that this Court may not have personal jurisdiction is not a bar to Plaintiffs' right to discover her identity through the pending subpoena to Verizon. The Supreme Court has made clear that a possible lack of personal jurisdiction provides no basis for denying discovery. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77 (1988) ("[E]ven if it were ultimately determined that the court [lacked personal jurisdiction], the order or process it issued in the conduct of the litigation would still be valid."). Furthermore, this Court has itself emphasized the importance of allowing copyright holders to obtain Doe defendants' identifying information from ISPs by subpoena, holding that denying plaintiffs the right to obtain such information would cause plaintiffs severe and irreparable harm. *See Recording Indus. of Am. v Verizon Internet Servs. (In re Verizon Internet Servs.)*, 257 F. Supp. 2d 244, 272-73 (D.D.C. 2003) (*rev'd on other grounds*).

Finally, denial of the motion will not prejudice the Defendant. Assuming the Court denies the motion to quash, Plaintiffs ultimately will contact the Defendant and discuss possible settlement with him or her. It has been Plaintiffs' experience in parallel cases that, once confronted with Plaintiffs' substantial evidence of copyright infringement, many defendants elect to settle. For those defendants who elect to litigate, Plaintiffs, defendants, and the Court can determine whether it is proper to continue in this jurisdiction or whether transfer to another forum is preferable. In parallel cases across the country, however, upon receipt of a defendant's name and address, Plaintiffs have, after attempting to effect a settlement, elected to re-file suit in

the jurisdiction where the defendant resides. Thus, if this case proceeds in any significant way, it will almost certainly occur in a jurisdiction acceptable to the Defendant.

    **B.    Plaintiffs Have Made a Prima Facie Showing of Personal Jurisdiction over the Defendant.**

As discussed above, it is premature to address the question of personal jurisdiction. If the Court nonetheless were to consider the issue now, there is good reason to believe the Court has jurisdiction over Defendant.

Plaintiffs have asserted a substantial basis for jurisdiction in this Court. First, Defendant has contracted with a D.C.-based ISP (Verizon) and used Verizon's facilities to commit copyright infringement. *Cf.* DC ST § 14-423(a)(1) and (a)(3) (District of Columbia long-arm statute conferring jurisdiction over any person or business "transacting any business in the District of Columbia" or "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia.").

Second, regardless of her place of residence, Defendant has directed tortious activity into the District of Columbia. The District of Columbia's long-arm statute establishes a host of ways by which jurisdiction may be asserted against non-resident defendants. *See id.* In evaluating a long-arm statute almost identical to the District of Columbia's long arm statute, the Third Circuit expressly held that those transmitting copyrighted works nationwide "can anticipate that infringement may result at places remote" from the place of origin. *Edy Clover Productions, Inc. v. Nat'l Broadcasting Co.*, 572 F.2d 119, 120 (3d Cir. 1978). Defendant, without the permission or consent of the Plaintiffs, has offered to the public, including persons in this jurisdiction, Plaintiffs' copyrighted recordings; in exchange, she is able to download recordings made available by others, including persons in this jurisdiction.

7

As to Defendant's conduct, this court has specifically held "the download of music files by [defendant] constitutes transacting business in the District" and is sufficient to establish personal jurisdiction. *Arista Records, Inc. v. Sakfield Holding Co. S.L.*, 314 F. Supp. 2d 27, 31-33 (D.D.C. 2004). In addition, courts in the District of Columbia, like courts across the nation, have found that when the defendant "engage[s] in unabashedly malignant actions directed at or felt in this forum," the forum may exercise personal jurisdiction. *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000); see also *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510, (D.C. Cir. 2002) (noting that over "the last century, for example, courts held that, depending upon the circumstances, transactions by mail and telephone could be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum. There is no logical reason why the same should not be true of transactions accomplished through the use of e-mail or interactive websites."); *Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47 (D.D.C. 1998) (holding that contractual activities that cause a consequence in the District of Columbia are sufficient to constitute "transacting any business" for purposes of personal jurisdiction).[1] Furthermore, a single act of copyright infringement may be sufficient to find that business was transacted in the District of Columbia for purposes of long-arm jurisdiction. *See Material Supply Intern., Inc. v. Sunmatch Industrial Co.*, 62 F. Supp. 2d 13 (D.D.C. 1999).

Third, by installing P2P software and logging onto a P2P network, each defendant transformed his or her computer into an interactive Internet site, allowing others to complete

---

[1] The fact that the P2P infringers trade copyrighted works rather than sell them is irrelevant to whether the websites are fully interactive and thus may subject them to jurisdiction. The tort of copyright infringement does not require a sale – it is complete upon the making of or dissemination of a copy without authorization. *See Arista Records, Inc.*, 314 F. Supp. 2d at 30-33.

transactions (by downloading copyrighted works) over the Internet. Each defendant was disseminating copyrighted works to anyone that wanted them (including residents of this jurisdiction) and was downloading copyrighted works from others who offered them (including residents of this jurisdiction).  Under this Circuit's decision in *Gorman v. Ameritrade Holding Corp.*, defendants (wherever they reside) may subject themselves to general jurisdiction in the District by completing "electronic transactions" through "the use of e-mail or interactive websites." 293 F.3d at 511-13.  Engaging in such electronic transactions with residents of the District provides the sort of "continuous" and "systematic" contacts with the District that support the exercise of this Court's jurisdiction.  *Id.*; *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (distinguishing between passive websites which generally do not provide sufficient contacts with a forum to justify an assertion of jurisdiction with "interactive" websites which generally do support an assertion of jurisdiction).

In any case, the Court cannot complete an analysis of Defendant's contacts with the District until everyone, including the Plaintiffs, knows who Defendant is.  As discussed above, any defendant who wants to raise personal jurisdiction issues will have the opportunity to do so.  Accordingly, Plaintiffs have made a prima facie showing of personal jurisdiction over Defendant.

## Conclusion

The Court should deny the motion to quash and order Verizon to comply with the subpoena.

February 17, 2006                          Respectfully submitted,

By: /s/ Matthew J. Oppenheim

Matthew J. Oppenheim, Esq. (D.C. Bar No. 443698)
7304 River Falls Drive
Potomac, MD  20854
Phone:  (301) 299-4986
Fax:  (866) 766-1678
E-mail:  matt@oppenheimgroup.net

Attorney for Plaintiffs

## Certificate of Service

Plaintiffs do not have Defendant's name or address for purposes of service of this motion. As a substitute, the undersigned certifies that on this day, February 17, 2006, a copy of the foregoing Plaintiffs' Opposition to the Motion of Doe Defendant #18 to Quash Subpoena was sent via first class mail to Verizon Internet Services at the address below with a request that it be forward to their customer – Doe # 18.

Verizon Internet Services, Inc.
1880 Campus Commons Drive
Reston, VA  20191

_____
Matthew J. Oppenheim

Dated: February 17, 2005