**Westlaw Attached Printing Summary Report for KILLORAN,MARY 1800085**

| | |
|---|---|
| Date/Time of Request: | Thursday, February 16, 2006 17:20:00 Mountain |
| Client Identifier: | 48983-00120: |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 417 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.



Not Reported in F.Supp.2d                                                                                                               Page 1
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents

United States District Court,S.D. New York.
ELEKTRA ENTERTAINMENT GROUP, INC.,
Plaintiff,
v.
DOES 1-9, Defendants.
**No. 04 Civ. 2289(RWS).**

Sept. 8, 2004.

Cowan, Liebowitz & Latman, New York, NY, By: J. Christopher Jensen, Jason D. Sanders, for Plaintiff, of counsel.
Jenner & Block, Washington, DC, By: Thomas J. Perrelli, for Defendant, of counsel.
Richard A. Altman, New York, NY, for Defendant Doe No. 7.

*OPINION*

SWEET, J.
**\*1** Defendant Doe No. 7 has moved pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii) to quash the subpoena served upon New York University ("NYU"), and pursuant to Fed.R.Civ.P. 20 and 21 to sever Doe No. 7 from this action and to require plaintiffs to file a separate action against him. Doe No. 7 also moves to dismiss the complaint against him for lack of personal jurisdiction. For the reasons set forth below, the motion to quash is denied, as is the motion to dismiss. The motion to sever Doe No. 7 is granted.

*Parties*

Plaintiffs Elektra Entertainment Group Inc. ("Elektra"), Capitol Records, Inc. ("Capitol"), Atlantic Recording Corp. ("Atlantic"), Interscope Records ("Interscope"), Arista Records, Inc. ("Arista"), Motown Record Company, L.P. ("Motown"), Warner Bros. Records Inc. ("Warner Bros."), UMG Recordings, Inc. ("UMG"), Maverick Recording Co. ("Maverick"), Sony Music Entertainment Inc. ("Sony"), Virgin Records America, Inc. ("Virgin"), BMG Music ("BMG") (collectively, the "plaintiffs") are major recording companies who own copyrights in sound recordings.

According to the complaint, the defendants are or were active participants in Fast Track, a peer-to-peer ("P2P") network. A P2P network is an online media distribution system that allows users to have their computers function as an interactive Internet site, disseminating files for other users to copy. Each defendant is alleged to have offered copyrighted sound recordings stored on his or her computer for others to download and to have downloaded copyrighted sound recordings from other users of the Fast Track network.

*Prior Proceedings*

On March 23, 2004, plaintiffs filed their complaint. On March 25, 2004, this Court granted plaintiffs' *ex parte* motion to take expedited discovery, which was narrowly targeted to identifying the defendants. According to plaintiffs, NYU has matched the IP addresses to its list of computer users and notified the defendants that plaintiffs sought their identification in connection with this case. Of the 9 defendants, only Doe No. 7 has filed a motion to quash. NYU has informed plaintiffs that NYU will not produce the identities of any of the defendants until this motion has been resolved.

Doe No. 7 served this motion on opposing counsel on April 28, 2004. After exchange of briefs, argument was heard on the motion on May 5, 2004, at which time the motion was deemed fully submitted.

*Background*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

The plaintiffs allege that they have found each of the defendants openly disseminating sound recordings whose copyrights they own on the P2P network. Plaintiffs themselves logged on to the P2P network and viewed the files that each defendant was offering to other users. According to plaintiffs, each defendant has chosen to make available from his or her computer hundreds of sound recordings whose copyrights are owned by various of the plaintiffs.

Doe No. 7 is alleged to be a user of the Kazaa system, one of the most popular forms of peer-to-peer software. Users of the Kazaa system connect to the Fast Track network, as do all of the defendants in this case.

**\*2** While plaintiffs were able to gather significant information about the defendants' allegedly infringing conduct, they were not able to ascertain the name, address or any other contact information for any of the defendants. Instead, plaintiffs could only identify the Internet Protocol ("IP") address from which each defendant was disseminating plaintiffs' copyrighted works.

An IP address is a 10-digit number that specifically identifies a particular computer using the Internet. Using the IP address, plaintiffs determined that each defendant was using NYU's network facilities to disseminate the plaintiffs' copyrighted works. From the IP address provided by plaintiffs, NYU can match the IP address, date and time with the computer that was using the IP address when plaintiffs observed the alleged infringement. NYU is therefore the only entity that can identify the defendants in this case.

NYU's "Guidelines for Compliance With the Family Educational Rights and Privacy Act" (the "privacy guidelines") state that NYU will release identifying information without the consent of the student in response to a civil subpoena "provided that the University attempts to notify the student of the order or subpoena before complying with it ..." http://www.nyu.edu/apr/ferpa.htm. NYU's Information Technology Services includes among the "responsibilities of all NYU computer and network users" that each account holder "will respect the rights of copyright owners, and, when appropriate, obtain permission from owners before using or copying protected material ..." http://www.nyu.edu/its/policies/respon.html.

*Discussion*

Rule 45(c)(3)(A)(iii) provides that a court shall quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Doe No. 7 argues that because the First Amendment protects the right to speak and to use the Internet anonymously, Doe No. 7 has a qualified privilege, and that plaintiffs' allegations are insufficient to overcome the privilege.

In this district, the Honorable Denny Chin recently considered a substantively identical motion to quash involving many of the same plaintiffs, and a group of anonymous defendants, all of whom subscribed to the same Internet service provider, or ISP. *See Sony Music Entertainment Inc. v. Does 1-40,* 04 Civ. 473, 2004 WL 1656538 (S.D.N.Y. July 26, 2004). Judge Chin's analysis is highly persuasive, and the rationale and resolution of the motion in *Sony Music* will be adopted here.

Judge Chin first recognized that "the First Amendment protects anonymous speech." *Id.* at \*4 (citing *Buckley v. American Constitutional Law Found.,* 525 U.S. 182, 200 (1999); *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 357 (1995)). Further, "the First Amendment's protection extends to the Internet." *Id.* at \*5 (citing *Reno v. ACLU,* 521 U.S. 844, 870 (1997); *In re Verizon Internet Servs., Inc.,* 257 F.Supp.2d 244, 259 (D.D.C.2000), *rev'd on other grounds, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.,* 351 F.3d 1229 (D.C.Cir.2003)).

**\*3** First Amendment protection of anonymous speech, like other kinds of speech, is subject to limits. Most importantly in the present context, the First Amendment "does not protect copyright infringement." *Id.* (citing *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 555-56 (1985); *Universal City Studios, Inc. v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

*Reimerdes,* 82 F.Supp.2d 211, 220 (S.D.N.Y.2000) ((the "Supreme Court ... has made it unmistakably clear that the First Amendment does not shield copyright infringement")).

The protection offered by the First Amendment is implicated when the identities of anonymous speakers are sought through civil subpoena. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 462 (1958) (order requiring association to produce membership list interfered with First Amendment freedom of association).

In addition to the case before Judge Chin, several courts have considered motions to quash subpoenas seeking identifying subscriber information from ISPs, reaching different results. *See, e.g., Verizon,* 257 F.Supp.2d at 267-68 (denying ISP's motion to quash subpoena served pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h), seeking subscriber information about alleged copyright infringers); *In re Subpoena Duces Tecum to America Online, Inc.,* No. 405070, 2000 WL 1210372, at *1 (Va.Cir.Ct. Jan. 31, 2000), *rev'd on other grounds America Online, Inc. v. Anonymous Publicly Traded Co.,* 261 Va. 350, 542 S.E.2d 377 (Va.2001) (denying motion to quash subpoena seeking identity of anonymous defendants who allegedly defamed plaintiff and disclosed insider information); *Doe v. 2TheMart.com,* 140 F.Supp.2d 1088, 1097 (W.D.Wash.2001) (granting motion to quash subpoena seeking identities of non-party anonymous posters to Internet chat room); *Anderson v. Hale,* No. 00 C 2021, 2001 WL 503045, at *9 (N.D.Ill. May 10, 2001) (granting motion to quash subpoena seeking identity of anonymous members of church).

In *Sony Music,* Judge Chin persuasively held that " the use of P2P file copying networks to download, distribute, or make available for distribution copyrighted sound recordings, without permission ... qualifies as speech, but only to a degree," 2004 WL 1656538, at *6. Judge Chin first noted that the person engaging in file sharing is "not seeking to communicate a thought or convey an idea. Instead, the individual's real purpose is to obtain music [free of charge]." *Id.*
However, an argument may be made that a file sharer is making a statement by downloading and making available to others copyrighted music without charge and without license to do so. Alternatively, the file sharer may be expressing himself or herself through the music selected and made available to others.

*Id.* The use of a P2P network for file sharing, therefore, qualifies as speech for First Amendment purposes, although it is not "political expression," and is therefore not "afforded the broadest protection." *McIntyre,* 514 U.S. at 346; *see also Verizon,* 257 F.Supp.2d at 260 ("there is some level of First Amendment protection that should be afforded to anonymous expression on the Internet, even though the degree of protection is minimal where alleged copyright infringement is the expression at issue.").

*The Need for Disclosure Outweighs the Defendants' First Amendment Interests*

**\*4** In considering whether the defendants' identities were protected from disclosure by the First Amendment, Judge Chin considered five factors: 1) whether plaintiffs have made "a concrete showing of a *prima facie* claim of actionable harm"; 2) the " specificity of the discovery request"; 3) "the absence of alternative means to obtain the subpoenaed information"; 4) "a central need to obtain the subpoenaed information to advance the claim"; and 5) "the party's expectation of privacy." *Sony Music,* 2004 WL 1656538, at *7 (citing *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577-81 (N.D.Cal.1999); *America Online,* 2000 WL 1210372, at *8; *Verizon,* 257 F.Supp.2d at 260-61, 267-68; *Dendrite Int'l, Inc. v. Doe,* 342 N.J.Super. 134, 775 A.2d 756, 760-61 (N.J.Super.Ct.App.Div.2001)).

Each factor favors the disclosure of the defendants' identities. First, plaintiffs have made a showing of copyright infringement. "A prima facie claim of copyright infringement consists of two elements: ' (1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original.' " *Id.* (quoting *Arden v. Columbia Pictures Indus., Inc.,* 908 F.Supp. 1248, 1257

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 4
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

(S.D.N.Y.1995). Plaintiffs have alleged that they are the copyright owners of the sound recordings which Doe No. 7 is alleged to have copied. Further, plaintiffs have submitted the "screen shots" of Doe No. 7's "share folder" showing the computer files disseminated through Kazaa. Plaintiffs downloaded a sample of these files an determined that they were the sound recordings for which plaintiffs own the copyrights. Further, plaintiffs obtained "metadata" about the files that Doe No. 7 was disseminating, which

often reveal who originally copied a particular sound recording from a CD to a computer disk (a process called "ripping") and provide a type of digital fingerprint, called a "hash," that can show whether two users obtained a file from the same source.

Plaintiffs' Brief at 8. Using the metadata associated with the music filed that Doe No. 7 was offering for distribution on Kazaa, plaintiffs have determined that many sound recordings were ripped by different people using different brands of ripping software. Such information creates a strong inference that Doe No. 7 was not simply copying his or her own lawfully purchased CDs onto a computer, but had downloaded those files from other P2P users. Because "the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement," *Sony Music,* 2004 WL 1656538, at *8 (citing *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013-14 (9th Cir.2001); *In re Aimster Copyright Litigation,* 334 F.3d 643, 653 (7th Cir.2003)), plaintiffs have adequately pled copyright infringement to establish a *prima facie* claim.

Second, plaintiffs' discovery request is sufficiently specific. Plaintiffs seek only to identify the defendants in order to serve process, based on the date and time when they downloaded or distributed specific copyrighted sound recordings.

**\*5** Third, plaintiffs have demonstrated the absence of alternative means to obtain the subpoenaed information. With the publicly available information relating to Doe No. 7's IP address, plaintiffs were only able to ascertain that Doe No. 7 was using NYU's network facilities, and that such facilities are limited to members of the "NYU community." Only NYU, however, can identify Doe No. 7 and the other defendants with sufficient specificity to permit service.

Fourth, plaintiffs have shown that they have a central need to obtain the subpoenaed information to advance the claim. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Id* .

Finally, Doe No. 7 is entitled to only a minimal " expectation of privacy in downloading and distributing copyrighted songs without permission." *Id.* (citing *Verizon,* 257 F.Supp.2d at 260-61, 267-68). NYU's privacy guidelines state that it will comply with a civil subpoena seeking identifying information without a student's consent provided that the student is first notified of the request. And NYU's Network Responsibilities state that users must obtain the permission of copyright owners before copying protected material.

Because each of the factors favors disclosure, Doe No. 7's "First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Id.* at *9. The motion to quash the subpoena is denied, as is Doe No. 7's request for attorney's fees to contest the subpoena.

*Doe No. 7's Challenge to Personal Jurisdiction is Premature*

Doe No. 7 has also argued that plaintiffs have not established that personal jurisdiction may be exercised over him or her. Doe No. 7 argues that although the plaintiffs have traced the IP address used by Doe No. 7 to NYU, "that does not automatically mean that the defendants can be found in New York." Doe No. 7's Brief at 15. While that may be true, a ruling on personal jurisdiction at this stage in the litigation is premature:
[W]ithout the identifying information sought by plaintiffs in the [NYU] subpoena, it would be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5

Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

difficult to assess properly the existence of personal jurisdiction over the Doe defendants. This analysis requires an evaluation of the contacts between the various defendants and the forum state.

*Id.* (citing *LiButti v. United States,* 178 F.3d 114, 122 (2d Cir.1999)). Doe No. 7's motion is accordingly denied, with leave to renew following expedited discovery.

*Doe No. 7's Motion for Severance is Granted*

Doe No. 7 argues that the joinder of the seven Doe defendants is improper because the only common element between the defendants is their alleged use of the NYU networks. Doe No. 7 therefore moves pursuant to Fed.R.Civ.P. 20 to be severed from this action, and further requests that the Court order all defendants severed and order the plaintiffs to commence separate actions against each defendant.

**\*6** Federal Rule of Civil Procedure 20 lays out the requirements for the permissive joinder of defendants:
All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"[T]he remedy for improper joinder is severance ..." *Sony Music,* 2004 WL 1656538, at \*9 (citing Fed.R.Civ.P. 21).

"[D]istrict courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met." *Ghaly v. U.S. Department of Agriculture,* 228 F.Supp.2d 283, 292 (S.D.N.Y.2002) (citing *Briarpatch Ltd. v. Pate,* 81 F.Supp.2d 509, 515 (S.D.N.Y.2000)). " The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits." *Puricelli v. CNA Ins. Co.,* 185 F.R.D. 139, 142 (N.D.N.Y.1999) (citing *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1421 (S.D .N.Y.1989)). The Supreme Court has held that "the impulse [under the Federal Rules] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. " *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 724 (1966).

"Courts have generally adopted a case-by-case approach in determining whether plaintiffs' claims constitute a 'single transaction or occurrence' for purposes of Rule 20." *Puricelli,* 185 F.R.D. at 142 (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (5th Cir.1974); *Blesedell,* 708 F.Supp. at 1412). However, in defining transaction or occurrence, "courts have found Fed.R.Civ.P. 13(a) to be particularly instructive, and have concluded with reference to that Rule that the phrase encompasses 'all logically related claims." ' *Id.* (quoting *Mosley,* 497 F .2d at 1333).

Plaintiffs argue that the claims against each defendant involve common questions of copyright law and common questions of fact concerning the operation of NYU's network and the Fast Track network. Further, plaintiffs argue that the claims are logically related by the use of the Fast Track network.

Doe No. 7 argues that plaintiffs have not asserted any right to relief against all defendants "jointly, severally or in the alternative," that there is no transaction or occurrence common to Doe No. 7 and the other defendants, and that beyond the use of NYU's network and the Fast Track network, there are no factual commonalities. In addition, Doe No. 7 notes that only six of the twelve plaintiffs have alleged that Doe No. 7 infringed the copyrights on their sound recordings.

At least two district courts have ordered severance in similar suits. In *BMG Music v. Does 1-203,* Civil Action No. 04-650, (E.D.Pa. March 5, 2004), *reconsidered and aff'd,* April 5, 2004, the court found:
**\*7** The claims against the different Defendants will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury. *United States v. 1,071.08 Acres of Land, Yuma & Mohave Counties, Arizona,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 6
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

564 F.2d 1350 (9th Cir.1977); Fed. R. Civ. Pro. 21; Fed.R.Civ.P. 42(b). Moreover, the Court finds that there will almost certainly [be] separate issues of fact with respect to each Defendant. Fed. R. Civ. Pro. 20.

*BMG Music,* slip op. at 1. Another district court approved and adopted the Report and Recommendation of a Magistrate Judge which recommended that both plaintiffs and defendants be severed, finding that "each case presents a unique set of facts and circumstances." *Interscope Records v. Does 1-25,* Case No. 6:04-cv-197-Orl-22DAB (M.D.Fla. Apr. 27, 2004), slip op. at 2. In the Magistrate Judge's Report, it was found that the claims bore no logical relation to each other, and that[t]he record is bereft of any allegation that the twenty-five Defendants are jointly or severally liable to the sixteen Plaintiffs other than that the Defendants use the Fast Track peer-to-peer network.
....
Plaintiffs fail to show how or which of the Defendants have actually downloaded Plaintiffs' copyrighted songs from another Defendant (which could conceivably link such Defendants) as opposed to any other users of the systems.

*Interscope Records v. Does 1-25,* Case No. 6:04-cv-197-Orl-22DAB (M.D.Fla. Apr. 1, 2004), Report and Recommendation at 5-6.

Plaintiffs argue that these cases "required Plaintiffs to allege that all of Plaintiffs' claims arose from the same transaction or occurrence, rather than a logically related *series* of transactions or occurrences, as Rule 20 explicitly permits." Plaintiffs' Br. at 22 n. 11. The opinions, however, show that the proper tests were applied, and that proper cognizance was taken of judicial efficiency and fairness to the parties. *See also Bridgeport Music, Inc. v. 11C Music,* 202 F.R.D. 229, 232 (M.D.Tenn.2001) (ordering severance in case brought by music recording companies against music publishers, recording labels and other entities for copyright infringement based on "sampled" music, and finding that "[e]ach song and the alleged sampling contained therein represents a discrete occurrence," despite the fact that some defendants may have been involved in the production of more than one song). Accordingly, Doe No. 7's motion for severance is granted. Plaintiffs shall file their claims against Doe No. 7 in a separate action. Both plaintiffs and defendants may, however, consider consolidating at least some of the pre-trial discovery in the two cases. *See Tele-Media Co. of Western Connecticut v. Antidormi,* 179 F.R.D. 75, 76 (D.Conn.1998) (following severance, "the advantages of a single action must be achieved, to the extent they can be, through consolidation or other means.").

**\*8** Doe No. 7 has also requested that all other defendants be severed as well, despite the fact that no other defendant has made a similar motion. Because the number of Doe defendants in this case is not unduly large, the failure to sever the remaining claims would not "result in prejudice, expense or delay." *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir.1968). Plaintiffs have also argued that the non-moving defendants may wish to litigate the case as a cost-saving measure. Accordingly, the remaining claims will not be severed at the present time. However, the Court will entertain motions for severance from the remaining defendants.

*Conclusion*

For the reasons set forth above, Doe No. 7's motion to quash the subpoena served on NYU is denied, as is Doe No. 7's request for attorney's fees. The motion to dismiss for lack of personal jurisdiction is denied as premature, but may be renewed later. Doe No. 7's motion to sever the claims against Doe No. 7 from the remainder of the action is granted, and plaintiffs shall file a separate action against Doe No. 7. Pre-trial discovery in the two actions may, however, be consolidated. Severance of the remaining defendants is denied at this time.

It is so ordered.

S.D.N.Y.,2004.
Elektra Entertainment Group, Inc. v. Does 1-9
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                             Page 7
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents (Back to top)

• 1:04cv02289 (Docket) (Mar. 23, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents

United States District Court,S.D. New York.
ELEKTRA ENTERTAINMENT GROUP, INC.,
Plaintiff,
v.
DOES 1-9, Defendants.
**No. 04 Civ. 2289(RWS).**

Sept. 8, 2004.

Cowan, Liebowitz & Latman, New York, NY, By: J. Christopher Jensen, Jason D. Sanders, for Plaintiff, of counsel.
Jenner & Block, Washington, DC, By: Thomas J. Perrelli, for Defendant, of counsel.
Richard A. Altman, New York, NY, for Defendant Doe No. 7.

*OPINION*

SWEET, J.
*1 Defendant Doe No. 7 has moved pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii) to quash the subpoena served upon New York University ("NYU"), and pursuant to Fed.R.Civ.P. 20 and 21 to sever Doe No. 7 from this action and to require plaintiffs to file a separate action against him. Doe No. 7 also moves to dismiss the complaint against him for lack of personal jurisdiction. For the reasons set forth below, the motion to quash is denied, as is the motion to dismiss. The motion to sever Doe No. 7 is granted.

*Parties*

Plaintiffs Elektra Entertainment Group Inc. ("Elektra"), Capitol Records, Inc. ("Capitol"), Atlantic Recording Corp. ("Atlantic"), Interscope Records ("Interscope"), Arista Records, Inc. ("Arista"), Motown Record Company, L.P. ("Motown"), Warner Bros. Records Inc. ("Warner Bros."), UMG Recordings, Inc. ("UMG"), Maverick Recording Co. ("Maverick"), Sony Music Entertainment Inc. ("Sony"), Virgin Records America, Inc. ("Virgin"), BMG Music ("BMG") (collectively, the "plaintiffs") are major recording companies who own copyrights in sound recordings.

According to the complaint, the defendants are or were active participants in Fast Track, a peer-to-peer ("P2P") network. A P2P network is an online media distribution system that allows users to have their computers function as an interactive Internet site, disseminating files for other users to copy. Each defendant is alleged to have offered copyrighted sound recordings stored on his or her computer for others to download and to have downloaded copyrighted sound recordings from other users of the Fast Track network.

*Prior Proceedings*

On March 23, 2004, plaintiffs filed their complaint. On March 25, 2004, this Court granted plaintiffs' *ex parte* motion to take expedited discovery, which was narrowly targeted to identifying the defendants. According to plaintiffs, NYU has matched the IP addresses to its list of computer users and notified the defendants that plaintiffs sought their identification in connection with this case. Of the 9 defendants, only Doe No. 7 has filed a motion to quash. NYU has informed plaintiffs that NYU will not produce the identities of any of the defendants until this motion has been resolved.

Doe No. 7 served this motion on opposing counsel on April 28, 2004. After exchange of briefs, argument was heard on the motion on May 5, 2004, at which time the motion was deemed fully submitted.

*Background*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

The plaintiffs allege that they have found each of the defendants openly disseminating sound recordings whose copyrights they own on the P2P network. Plaintiffs themselves logged on to the P2P network and viewed the files that each defendant was offering to other users. According to plaintiffs, each defendant has chosen to make available from his or her computer hundreds of sound recordings whose copyrights are owned by various of the plaintiffs.

Doe No. 7 is alleged to be a user of the Kazaa system, one of the most popular forms of peer-to-peer software. Users of the Kazaa system connect to the Fast Track network, as do all of the defendants in this case.

*2 While plaintiffs were able to gather significant information about the defendants' allegedly infringing conduct, they were not able to ascertain the name, address or any other contact information for any of the defendants. Instead, plaintiffs could only identify the Internet Protocol ("IP") address from which each defendant was disseminating plaintiffs' copyrighted works.

An IP address is a 10-digit number that specifically identifies a particular computer using the Internet. Using the IP address, plaintiffs determined that each defendant was using NYU's network facilities to disseminate the plaintiffs' copyrighted works. From the IP address provided by plaintiffs, NYU can match the IP address, date and time with the computer that was using the IP address when plaintiffs observed the alleged infringement. NYU is therefore the only entity that can identify the defendants in this case.

NYU's "Guidelines for Compliance With the Family Educational Rights and Privacy Act" (the "privacy guidelines") state that NYU will release identifying information without the consent of the student in response to a civil subpoena "provided that the University attempts to notify the student of the order or subpoena before complying with it ..." http://www.nyu.edu/apr/ferpa.htm. NYU's Information Technology Services includes among the "responsibilities of all NYU computer and network users" that each account holder "will respect the rights of copyright owners, and, when appropriate, obtain permission from owners before using or copying protected material ..." http://www.nyu.edu/its/policies/respon.html.

*Discussion*

Rule 45(c)(3)(A)(iii) provides that a court shall quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Doe No. 7 argues that because the First Amendment protects the right to speak and to use the Internet anonymously, Doe No. 7 has a qualified privilege, and that plaintiffs' allegations are insufficient to overcome the privilege.

In this district, the Honorable Denny Chin recently considered a substantively identical motion to quash involving many of the same plaintiffs, and a group of anonymous defendants, all of whom subscribed to the same Internet service provider, or ISP". *See Sony Music Entertainment Inc. v. Does 1-40,* 04 Civ. 473, 2004 WL 1656538 (S.D.N.Y. July 26, 2004). Judge Chin's analysis is highly persuasive, and the rationale and resolution of the motion in *Sony Music* will be adopted here.

Judge Chin first recognized that "the First Amendment protects anonymous speech." *Id.* at *4 (citing *Buckley v. American Constitutional Law Found.,* 525 U.S. 182, 200 (1999); *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 357 (1995) ). Further, "the First Amendment's protection extends to the Internet." *Id.* at *5 (citing *Reno v. ACLU,* 521 U.S. 844, 870 (1997); *In re Verizon Internet Servs., Inc.,* 257 F.Supp.2d 244, 259 (D.D.C.2000), *rev'd on other grounds, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Servs., Inc.,* 351 F.3d 1229 (D.C.Cir.2003)).

*3 First Amendment protection of anonymous speech, like other kinds of speech, is subject to limits. Most importantly in the present context, the First Amendment "does not protect copyright infringement." *Id.* (citing *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 555-56 (1985); *Universal City Studios, Inc. v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                        Page 3
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

*Reimerdes,* 82 F.Supp.2d 211, 220 (S.D.N.Y.2000) ((the "Supreme Court ... has made it unmistakably clear that the First Amendment does not shield copyright infringement")).

The protection offered by the First Amendment is implicated when the identities of anonymous speakers are sought through civil subpoena. *See NAACP v. Alabama ex rel. Patterson,* 357 U.S. 449, 462 (1958) (order requiring association to produce membership list interfered with First Amendment freedom of association).

In addition to the case before Judge Chin, several courts have considered motions to quash subpoenas seeking identifying subscriber information from ISPs, reaching different results. *See, e.g., Verizon,* 257 F.Supp.2d at 267-68 (denying ISP's motion to quash subpoena served pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h), seeking subscriber information about alleged copyright infringers); *In re Subpoena Duces Tecum to America Online, Inc.,* No. 405070, 2000 WL 1210372, at *1 (Va.Cir.Ct. Jan. 31, 2000), *rev'd on other grounds America Online, Inc. v. Anonymous Publicly Traded Co.,* 261 Va. 350, 542 S.E.2d 377 (Va.2001) (denying motion to quash subpoena seeking identity of anonymous defendants who allegedly defamed plaintiff and disclosed insider information); *Doe v. 2TheMart.com,* 140 F.Supp.2d 1088, 1097 (W.D.Wash.2001) (granting motion to quash subpoena seeking identities of non-party anonymous posters to Internet chat room); *Anderson v. Hale,* No. 00 C 2021, 2001 WL 503045, at *9 (N.D.Ill. May 10, 2001) (granting motion to quash subpoena seeking identity of anonymous members of church).

In *Sony Music,* Judge Chin persuasively held that " the use of P2P file copying networks to download, distribute, or make available for distribution copyrighted sound recordings, without permission ... qualifies as speech, but only to a degree," 2004 WL 1656538, at *6. Judge Chin first noted that the person engaging in file sharing is "not seeking to communicate a thought or convey an idea. Instead, the individual's real purpose is to obtain music [free of charge]." *Id.*
However, an argument may be made that a file sharer is making a statement by downloading and making available to others copyrighted music without charge and without license to do so. Alternatively, the file sharer may be expressing himself or herself through the music selected and made available to others.

*Id.* The use of a P2P network for file sharing, therefore, qualifies as speech for First Amendment purposes, although it is not "political expression," and is therefore not "afforded the broadest protection." *McIntyre,* 514 U.S. at 346; *see also Verizon,* 257 F.Supp.2d at 260 ("there is some level of First Amendment protection that should be afforded to anonymous expression on the Internet, even though the degree of protection is minimal where alleged copyright infringement is the expression at issue.").

*The Need for Disclosure Outweighs the Defendants' First Amendment Interests*

**\*4** In considering whether the defendants' identities were protected from disclosure by the First Amendment, Judge Chin considered five factors: 1) whether plaintiffs have made "a concrete showing of a *prima facie* claim of actionable harm"; 2) the " specificity of the discovery request"; 3) "the absence of alternative means to obtain the subpoenaed information"; 4) "a central need to obtain the subpoenaed information to advance the claim"; and 5) "the party's expectation of privacy." *Sony Music,* 2004 WL 1656538, at *7 (citing *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 577-81 (N.D.Cal.1999); *America Online,* 2000 WL 1210372, at *8; *Verizon,* 257 F.Supp.2d at 260-61, 267-68; *Dendrite Int'l, Inc. v. Doe,* 342 N.J.Super. 134, 775 A.2d 756, 760-61 (N.J.Super.Ct.App.Div.2001)).

Each factor favors the disclosure of the defendants' identities. First, plaintiffs have made a showing of copyright infringement. "A prima facie claim of copyright infringement consists of two elements: ' (1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." ' *Id.* (quoting *Arden v. Columbia Pictures Indus., Inc.,* 908 F.Supp. 1248, 1257

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 4
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

(S.D.N.Y.1995). Plaintiffs have alleged that they are the copyright owners of the sound recordings which Doe No. 7 is alleged to have copied. Further, plaintiffs have submitted the "screen shots" of Doe No. 7's "share folder" showing the computer files disseminated through Kazaa. Plaintiffs downloaded a sample of these files an determined that they were the sound recordings for which plaintiffs own the copyrights. Further, plaintiffs obtained "metadata" about the files that Doe No. 7 was disseminating, which
often reveal who originally copied a particular sound recording from a CD to a computer disk (a process called "ripping") and provide a type of digital fingerprint, called a "hash," that can show whether two users obtained a file from the same source.

Plaintiffs' Brief at 8. Using the metadata associated with the music filed that Doe No. 7 was offering for distribution on Kazaa, plaintiffs have determined that many sound recordings were ripped by different people using different brands of ripping software. Such information creates a strong inference that Doe No. 7 was not simply copying his or her own lawfully purchased CDs onto a computer, but had downloaded those files from other P2P users. Because "the use of P2P systems to download and distribute copyrighted music has been held to constitute copyright infringement," *Sony Music,* 2004 WL 1656538, at *8 (citing *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013-14 (9th Cir.2001); *In re Aimster Copyright Litigation,* 334 F.3d 643, 653 (7th Cir.2003)), plaintiffs have adequately pled copyright infringement to establish a *prima facie* claim.

Second, plaintiffs' discovery request is sufficiently specific. Plaintiffs seek only to identify the defendants in order to serve process, based on the date and time when they downloaded or distributed specific copyrighted sound recordings.

*5 Third, plaintiffs have demonstrated the absence of alternative means to obtain the subpoenaed information. With the publicly available information relating to Doe No. 7's IP address, plaintiffs were only able to ascertain that Doe No. 7 was using NYU's network facilities, and that such facilities are limited to members of the "NYU community." Only NYU, however, can identify Doe No. 7 and the other defendants with sufficient specificity to permit service.

Fourth, plaintiffs have shown that they have a central need to obtain the subpoenaed information to advance the claim. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Id*.

Finally, Doe No. 7 is entitled to only a minimal " expectation of privacy in downloading and distributing copyrighted songs without permission." *Id.* (citing *Verizon,* 257 F.Supp.2d at 260-61, 267-68). NYU's privacy guidelines state that it will comply with a civil subpoena seeking identifying information without a student's consent provided that the student is first notified of the request. And NYU's Network Responsibilities state that users must obtain the permission of copyright owners before copying protected material.

Because each of the factors favors disclosure, Doe No. 7's "First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." *Id.* at *9. The motion to quash the subpoena is denied, as is Doe No. 7's request for attorney's fees to contest the subpoena.

*Doe No. 7's Challenge to Personal Jurisdiction is Premature*

Doe No. 7 has also argued that plaintiffs have not established that personal jurisdiction may be exercised over him or her. Doe No. 7 argues that although the plaintiffs have traced the IP address used by Doe No. 7 to NYU, "that does not automatically mean that the defendants can be found in New York." Doe No. 7's Brief at 15. While that may be true, a ruling on personal jurisdiction at this stage in the litigation is premature:
[W]ithout the identifying information sought by plaintiffs in the [NYU] subpoena, it would be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 5

Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

difficult to assess properly the existence of personal jurisdiction over the Doe defendants. This analysis requires an evaluation of the contacts between the various defendants and the forum state.

*Id.* (citing *LiButti v. United States,* 178 F.3d 114, 122 (2d Cir.1999)). Doe No. 7's motion is accordingly denied, with leave to renew following expedited discovery.

*Doe No. 7's Motion for Severance is Granted*

Doe No. 7 argues that the joinder of the seven Doe defendants is improper because the only common element between the defendants is their alleged use of the NYU networks. Doe No. 7 therefore moves pursuant to Fed.R.Civ.P. 20 to be severed from this action, and further requests that the Court order all defendants severed and order the plaintiffs to commence separate actions against each defendant.

*6 Federal Rule of Civil Procedure 20 lays out the requirements for the permissive joinder of defendants:
All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right of relief in respect of or arising out of the same transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

"[T]he remedy for improper joinder is severance ..." *Sony Music,* 2004 WL 1656538, at *9 (citing Fed.R.Civ.P. 21).

"[D]istrict courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met." *Ghaly v. U.S. Department of Agriculture,* 228 F.Supp.2d 283, 292 (S.D.N.Y.2002) (citing *Briarpatch Ltd. v. Pate,* 81 F.Supp.2d 509, 515 (S.D.N.Y.2000)). " The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits." *Puricelli v. CNA Ins. Co.,* 185 F.R.D. 139, 142 (N.D.N.Y.1999) (citing *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1421 (S.D .N.Y.1989)). The Supreme Court has held that "the impulse [under the Federal Rules] is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. " *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 724 (1966).

"Courts have generally adopted a case-by-case approach in determining whether plaintiffs' claims constitute a 'single transaction or occurrence' for purposes of Rule 20." *Puricelli,* 185 F.R.D. at 142 (citing *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (5th Cir.1974); *Blesedell,* 708 F.Supp. at 1412). However, in defining transaction or occurrence, "courts have found Fed.R.Civ.P. 13(a) to be particularly instructive, and have concluded with reference to that Rule that the phrase encompasses 'all logically related claims.' " *Id.* (quoting *Mosley,* 497 F .2d at 1333).

Plaintiffs argue that the claims against each defendant involve common questions of copyright law and common questions of fact concerning the operation of NYU's network and the Fast Track network. Further, plaintiffs argue that the claims are logically related by the use of the Fast Track network.

Doe No. 7 argues that plaintiffs have not asserted any right to relief against all defendants "jointly, severally or in the alternative," that there is no transaction or occurrence common to Doe No. 7 and the other defendants, and that beyond the use of NYU's network and the Fast Track network, there are no factual commonalities. In addition, Doe No. 7 notes that only six of the twelve plaintiffs have alleged that Doe No. 7 infringed the copyrights on their sound recordings.

At least two district courts have ordered severance in similar suits. In *BMG Music v. Does 1-203,* Civil Action No. 04-650, (E.D.Pa. March 5, 2004), *reconsidered and aff'd,* April 5, 2004, the court found:
*7 The claims against the different Defendants will require separate trials as they may involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury. *United States v. 1,071.08 Acres of Land, Yuma & Mohave Counties, Arizona,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                           Page 6
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

564 F.2d 1350 (9th Cir.1977); Fed. R. Civ. Pro. 21; Fed.R.Civ.P. 42(b). Moreover, the Court finds that there will almost certainly [be] separate issues of fact with respect to each Defendant. Fed. R. Civ. Pro. 20.

*BMG Music,* slip op. at 1. Another district court approved and adopted the Report and Recommendation of a Magistrate Judge which recommended that both plaintiffs and defendants be severed, finding that "each case presents a unique set of facts and circumstances." *Interscope Records v. Does 1-25,* Case No. 6:04-cv-197-Orl-22DAB (M.D.Fla. Apr. 27, 2004), slip op. at 2. In the Magistrate Judge's Report, it was found that the claims bore no logical relation to each other, and that[t]he record is bereft of any allegation that the twenty-five Defendants are jointly or severally liable to the sixteen Plaintiffs other than that the Defendants use the Fast Track peer-to-peer network.
....
Plaintiffs fail to show how or which of the Defendants have actually downloaded Plaintiffs' copyrighted songs from another Defendant (which could conceivably link such Defendants) as opposed to any other users of the systems.

*Interscope Records v. Does 1-25,* Case No. 6:04-cv-197-Orl-22DAB (M.D.Fla. Apr. 1, 2004), Report and Recommendation at 5-6.

Plaintiffs argue that these cases "required Plaintiffs to allege that all of Plaintiffs' claims arose from the same transaction or occurrence, rather than a logically related *series* of transactions or occurrences, as Rule 20 explicitly permits." Plaintiffs' Br. at 22 n. 11. The opinions, however, show that the proper tests were applied, and that proper cognizance was taken of judicial efficiency and fairness to the parties. *See also Bridgeport Music, Inc. v. 11C Music,* 202 F.R.D. 229, 232 (M.D.Tenn.2001) (ordering severance in case brought by music recording companies against music publishers, recording labels and other entities for copyright infringement based on "sampled" music, and finding that "[e]ach song and the alleged sampling contained therein represents a discrete occurrence," despite the fact that some defendants may have been involved in the production of more than one song). Accordingly, Doe No. 7's motion for severance is granted. Plaintiffs shall file their claims against Doe No. 7 in a separate action. Both plaintiffs and defendants may, however, consider consolidating at least some of the pre-trial discovery in the two cases. *See Tele-Media Co. of Western Connecticut v. Antidormi,* 179 F.R.D. 75, 76 (D.Conn.1998) (following severance, "the advantages of a single action must be achieved, to the extent they can be, through consolidation or other means.").

**\*8** Doe No. 7 has also requested that all other defendants be severed as well, despite the fact that no other defendant has made a similar motion. Because the number of Doe defendants in this case is not unduly large, the failure to sever the remaining claims would not "result in prejudice, expense or delay." *Wyndham Assocs. v. Bintliff,* 398 F.2d 614, 618 (2d Cir.1968). Plaintiffs have also argued that the non-moving defendants may wish to litigate the case as a cost-saving measure. Accordingly, the remaining claims will not be severed at the present time. However, the Court will entertain motions for severance from the remaining defendants.

*Conclusion*

For the reasons set forth above, Doe No. 7's motion to quash the subpoena served on NYU is denied, as is Doe No. 7's request for attorney's fees. The motion to dismiss for lack of personal jurisdiction is denied as premature, but may be renewed later. Doe No. 7's motion to sever the claims against Doe No. 7 from the remainder of the action is granted, and plaintiffs shall file a separate action against Doe No. 7. Pre-trial discovery in the two actions may, however, be consolidated. Severance of the remaining defendants is denied at this time.

It is so ordered.

S.D.N.Y.,2004.
Elektra Entertainment Group, Inc. v. Does 1-9
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 7
Not Reported in F.Supp.2d, 2004 WL 2095581 (S.D.N.Y.), Fed. Sec. L. Rep. P 28,873
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents (Back to top)

• 1:04cv02289 (Docket) (Mar. 23, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.