IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 2004

LUTHER D. THOMAS, Clerk
By: /s/
Deputy Clerk

VIRGIN RECORDS AMERICA, INC., et al.,

   Plaintiffs,

v.

DOES 1 - 44,

   Defendants.

CIVIL ACTION NO.

1:04-CV-0438-CC

### ORDER

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1] Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "*amici*") have moved the Court for leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion for expedited discovery. In their memorandum, *amici* argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, *amici* argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, *amici* argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose *amici's* motion, arguing that *amici's* effort to inject themselves into this case is premature.

As an initial matter, *amici's* motion for leave to file their memorandum is GRANTED.[2] However, after consideration of *amici's* brief, the Court agrees with Plaintiffs that the issues raised by *amici* are premature. In this regard, no party to this action has raised any of the issues addressed in *amici's* memorandum, and *amici* may not inject issues into the case which have not been raised by a party. *See* McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2] *See* DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED. *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of March, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE