UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
VIRGIN RECORDS AMERICA, INC., et al.,

    Plaintiffs,

        v.                                    Civil Action No. 05-1918 (CKK)

JOHN DOES 1-35,

    Defendants.
```

**MEMORANDUM OPINION**
(April 18, 2006)

Plaintiffs Virgin Records America, Inc.; Arista Records LLC; Capitol Records, Inc.; Sony BMG Music Entertainment; Atlantic Recording Corporation; BMG Music; Warner Bros. Records Inc.; Priority Records LLC; UMG Recordings, Inc.; Elektra Entertainment Group, Inc.; Motown Record Company, L.P.; Fonovisa, Inc.; Interscope Records; Loud Records, LLC; Maverick Recording Company; and London-Sire Records Inc. (collectively, "Plaintiffs") brought this action alleging copyright infringement against John Doe Defendants #1-35 arising out of internet file sharing of digital sound recordings on September 29, 2005. Currently before the Court is Defendant Doe #18's Motion to Quash the subpoena issued to Defendant's ISP, Verizon, regarding Defendant's IP address, 162.84.109.12, on the grounds that this Court lacks personal jurisdiction over Defendant, who is a resident of Fredericksburg, Virginia, with allegedly little or no contact with the District of Columbia. See Def.'s Mot. to Quash at 1-2. Upon a consideration of Defendant Doe #18's motion, Plaintiffs' Opposition, the attached exhibits, and the relevant case law, the Court shall deny without prejudice Defendant's Motion to Quash.

### I: BACKGROUND

Plaintiffs in this case are major recording companies who own copyrights in sound recordings. Collectively, they face what is alleged to be a massive problem involving digital piracy of those sound recordings over the Internet. Every month, copyright infringers unlawfully disseminate billions of perfect digital copies of Plaintiffs' copyrighted sound recordings over peer-to-peer ("P2P") networks. *See A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013-14 (9th Cir. 2001); *In re Aimster Copyright Litigation*, 334 F.3d 643 (7th Cir. 2003), *cert. denied*, 540 U.S. 1107, 124 S.Ct. 1069, 157 L.Ed.2d 893 (2004). As a direct result of piracy on P2P networks, Plaintiffs assert that they have sustained and continue to sustain substantial financial losses.

Copyright infringement over P2P networks, wherein users disseminate (upload) and copy (download) copyrighted materials, is widespread in part because of the ability of users to conceal their identities by means of an alias. Copyright owners, such as Plaintiffs, can observe infringement occurring on P2P networks, but cannot (without assistance) identify the true names and locations of the infringers. All Defendants in this case, including Defendant Doe #18, are allegedly active participants on a P2P network, and have distributed copyrighted sound recordings to others and/or downloaded such materials from other users of the P2P network. Plaintiffs discovered this infringement and brought this action on September 29, 2005, attaching to their Complaint a list of several copyrighted sound recordings that each Defendant disseminated without authorization. *See* Compl., Ex. A (Documents Identifying Defendants by ISP Addresses and Listing Downloaded Recordings) at 19 (listing Defendant Doe #18's downloads from the P2P network, which include works by Norah Jones, Pearl Jam, UB40, George Clinton, Ben Harper, Phish, and the Dave Mathews Band).

Although Plaintiffs gathered substantial evidence of the illegal conduct, they could not ascertain the names, addresses, or other contact information for Defendants. *Id*. ¶ 16. Plaintiffs could, however, identify the Internet Protocol ("IP") address from which each defendant was unlawfully disseminating Plaintiffs' copyrighted works. *Id*. Verizon – an Internet Service Provider ("ISP") – maintains logs that match these IP addresses with their users' computers. *Id*. ¶¶ 14, 16. By looking at its IP address logs, Verizon can match the IP address, date, and time with the computer that was using the IP address when Plaintiffs observed the infringement. This Court, by a Memorandum Opinion and Order dated January 11, 2006, granted Plaintiffs' Motion for Leave to Take Immediate Discovery, which allowed Plaintiffs to serve a Rule 45 subpoena on Verizon that seeks information pursuant to 47 U.S.C. § 551(c)(2)(B) such as each Defendant's name, address, telephone number, email address, and Media Access Control address. *See Virgin Records Am., Inc. v. John Does 1-35*, Civ. No. 05-1918(CKK) at 1-2 (D.D.C. Jan. 11, 2006) (memorandum opinion and order granting leave to take immediate discovery). The Court's January 11, 2006 Order required that "Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days," which is how Defendant Doe #18 learned of his/her involvement in this suit. *See id*.

Following Plaintiffs' subpoena(s) in this case, Defendant Doe #18 filed a Motion to Quash the subpoena issued to his/her IP address, 162.84.109.12, contending that this Court lacks jurisdiction over him/her on January 31, 2006 (received February 9, 2006). *See* Def.'s Mot. to Quash at 1. Through what is essentially an affidavit, Defendant Doe #18 avers that he/she has no regular contact with the District of Columbia, as he/she (1) lives in Fredericksburg, Virginia, and owns no real or other property in the District of Columbia; (2) has never sold any products or services to any individual within the District of Columbia; (3) has never acted as the director,

manager, trustee, or other officer of any corporation incorporated under the laws of, or having its principal place of business within, the District of Columbia; (4) has rarely visited the District of Columbia, except for personal purposes; and (5) has never been sued within the District of Columbia or held subject to its jurisdiction. *Id*. at 2-3. As such, Defendant Doe #18 contends that "I do not have sufficient contacts with the District of Columbia to justify requiring me to respond to this lawsuit outside my jurisdiction and so far away from my home." *Id*. at 1.

## II: DISCUSSION

Upon a consideration of the background facts of this case and the relevant case law, it is clear that Defendant Doe #18's Motion to Quash must fail for two reasons.

### A.    *A Full Consideration of Personal Jurisdiction is Premature*

The first reason that Defendant's Motion to Quash is without merit is because it is premature to consider the question of personal jurisdiction in the context of a subpoena directed at determining the *identity* of the Defendant. In numerous cases across a variety of jurisdictions, Doe defendants – and *amici*, such as the American Civil Liberties Union, the Electronic Frontier Foundation, and Public Citizen – have raised the same personal jurisdiction argument that Defendant Doe #18 raises now. In each case, courts have rejected such an argument as "premature," even where the Doe defendants assert that they live outside the court's jurisdiction and have minimal or no contacts with that jurisdiction. *See, e.g.*, *Elektra Entm't Group, Inc. v. Does 1-9*, Civ. No. 04-2289(RWS), 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *Motown Record Co., L.P. v. Does 1-252*, Civ. No. 04-439(WBH), at 3 (N.D.Ga. Aug. 16, 2004); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 567-68 (S.D.N.Y. 2004): *UMG Recordings v. Does 1-199*, Civ. No. 04-0093(CKK), at 2 (D.D.C. Mar. 10, 2004).

These rulings that such a motion is "premature" are predicated upon the important fact that a court cannot render any kind of ruling on personal jurisdiction or catalog a defendant's contacts with the relevant jurisdiction before the defendant has actually been named. *See Sony Music Entm't Inc.*, 326 F. Supp. 2d at 567-68 (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants"). Simply, the parties cannot formally litigate any aspect of personal jurisdiction until the defendant has actually been identified. *See supra*. Indeed, the D.C. Circuit has stressed that "[a] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996); *see also U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76-77, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988) ("[E]ven if it were ultimately determined that the court [lacked personal jurisdiction], the order or process it issued in the conduct of the litigation would still be valid."). Given this general rule – which applies even when a plaintiff knows a defendant's identity – it would be illogical to deny Plaintiffs the opportunity to obtain the most basic identifying information that they seek in their subpoena to third-party Verizon, Defendant Doe #18's ISP.

Ultimately, the denial without prejudice of Defendant Doe #18's motion will not prejudice him/her. Upon the denial of his/her motion to quash, Plaintiffs will contact the Defendant and discuss possible settlement, which has been quite common in cases parallel with this matter. If Defendant Doe #18 chooses to litigate rather than settle, Plaintiffs, Defendant, and the Court can determine at a later point whether it is proper to continue in this jurisdiction, or whether transfer to another forum is in order. Plaintiffs might also choose to avoid any apparent jurisdictional issue by

simply refiling the suit against Defendant Doe #18 in his/her applicable jurisdiction.  As such, if this case proceeds in any significant way, it will almost certainly proceed in a jurisdiction acceptable to Defendant Doe #18.

> B.   *Plaintiffs Have Made a Prima Facie Showing of Personal Jurisdiction Over Defendant Doe #18*

The second reason that Defendant Doe #18's Motion to Quash is without merit is the fact that Plaintiffs have made a *prima facie* showing of personal jurisdiction over Defendant Doe #18.  Three considerations support such a determination.

First, it is undisputed that Defendant Doe #18 contracted with a District of Columbia-based ISP, i.e. Verizon, and used Verizon's facilities allegedly to commit copyright infringement.  As such, it is arguable that this Court has jurisdiction over Defendant Doe #18 under the District of Columbia's long-arm statute, which confers jurisdiction over any person or business "transacting any business in the District of Columbia" or "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia."  *See* D.C. Code § 14-423(a)(1), (a)(3).

Second, and more importantly, regardless of his/her place of residence, Defendant Doe #18 has clearly directed tortious activity into the District of Columbia.  It is alleged that Defendant, without the permission or consent of Plaintiffs, offered to the public – including persons within this jurisdiction – Plaintiffs' copyrighted sound recordings; in exchange, Defendant Doe #18 was able to download recordings made available by others, including persons within this jurisdiction.  As the Third Circuit has stressed, those transmitting copyrighted works nationwide "can anticipate that infringement may result at places remote" from the place of origin.  *Edy Clover Prods., Inc. v. Nat'l Broad. Co.*, 572 F.2d 119, 120 (3d Cir. 1978).  Indeed, this court has specifically held that "the download of music files by [defendant] constitutes transacting business in the District" of Columbia

6

and is sufficient to establish personal jurisdiction. *Arista Records, Inc. v. Sakfield Holding Co.*, 314 F. Supp. 2d 27, 31-33 (D.D.C. 2004) (Lamberth, J.); *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 510 (D.C. Cir. 2002) (During "the last century, courts held that, depending on the circumstances, transactions by mail and telephone could be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum. There is no logical reason why the same should not be true of transactions accomplished through the use of e-mail or interactive websites.").

Third, by installing P2P software and logging onto a P2P network, each defendant transformed his or her computer into an interactive Internet site, allowing others to complete transactions by downloading copyrighted works over the Internet. Importantly, each Defendant was disseminating copyrighted works to anyone that wanted them and was downloading copyrighted works from others who offered them – including residents of this jurisdiction. Engaging in such "interactive" electronic transactions provides the sort of "continuous" and "systematic" contacts with the District of Columbia that the *Gorman* court and others have recognized as sufficient to support this Court's jurisdiction over Defendant Doe #18. *See Gorman*, 293 F.3d at 511-13; *see also Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D.Pa. 1997) (distinguishing between passive websites which generally do not provide sufficient contacts with a forum to justify an assertion of jurisdiction with "interactive" websites which generally do support an assertion of jurisdiction).

Accordingly, even assuming that Defendant Doe #18's Motion to Quash was not premature at this time, given the present record, it is clear that Plaintiffs have established a *prima facie* showing of personal jurisdiction over Defendant Doe #18 sufficient to enable them to discover Defendant Doe #18's identity and other personal information.

### III: CONCLUSION

For the reasons set forth above, the Court shall deny without prejudice Defendant Doe #18's Motion to Quash and allow Verizon to comply with Plaintiffs' subpoena. An Order accompanies this Memorandum Opinion.

Date:   April 18, 2006

                                                                             */s/*
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge